IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREDDIE LEE BELL, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 04-0581-CB-C |
| SHERIFF THOMAS PURVIS, et al., | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  Nature of Proceedings.

Plaintiff filed a section 1983 complaint naming as Defendants Thomas Purvis, identified by Plaintiff as Sheriff of the Mobile County Metro Jail, and D. Harris, identified by Plaintiff as a Deputy Sheriff of the Mobile County Metro Jail ("Metro Jail").  (Doc. 1, Complaint).  In this vaguely pled action, Plaintiff claims that his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments were violated on January 20, 1983, while

incarcerated at the Metro Jail.[1] (Doc. 1). Plaintiff claims that he was escorted out of his jail cell directly into a courtroom to be arraigned for a crime for which he was never arrested, nor for which he had any "Miranda procedures done."[2] (Id. at Attachment 1). Plaintiff further alleges that Defendants used illegal evidence to obtain a warrant for his arrest. (Id.). Plaintiff's final allegation is that he was denied the right to a preliminary hearing, including the right to counsel at the hearing. (Id.). For relief, Plaintiff seeks monetary damages in the amount of ten million dollars for his "unwarranted pain and suffering, personal humiliation, job loss, deprivation of [his] privileges, [and] mental anguish." (Id. at Attachment 2). Plaintiff also seeks an unspecified amount of punitive damages. (Id.).

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[3] Under § 1915(e)(2)(B)(i), a claim may be

---

[1] Initially in his Complaint, Plaintiff alleges that the date of the alleged violation was January 20, 1983. (Doc. 1 at 4). However, subsequently, Plaintiff appears to state that the violation occurred on February 11, 1983. (Id. at Attachment 1). The inconsistency is not important, however, as the Court has determined that either date would be beyond the time allowed by the statute of limitations for such claims.

[2] Plaintiff fails to enlighten the Court as to why, at the time of the alleged violations, he was incarcerated at Metro Jail.

[3] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), was unaltered. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044, 122 S. Ct. 624, 151 L. Ed. 2d 545 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. Bilal, 251

dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S. Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, id., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

III. Discussion.

Plaintiff claims that while incarcerated at Metro Jail, he was arraigned for a crime for which he was never arrested, and further for which he did not receive Miranda rights. (Doc. 1). Plaintiff also claims that he was denied the right to a preliminary hearing. (Id.). These claims, though vaguely pled, appear to be directed to Plaintiff's robbery conviction for which he is presently incarcerated. (Doc. 1 at 7). Further, Plaintiff has indicated that this conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of the writ of habeas corpus. (Id.).

As Plaintiff is seeking compensatory and punitive damages, it appears that Plaintiff's claims in this action are precluded from review by the decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In Heck, a prisoner filed a § 1983 damages action against the prosecutors and investigator in his criminal case for their

---

F.3d at 1348-49.

actions which resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which has as a required element that the accused prove the termination of the prior criminal proceeding in favor of the accused. 512 U.S. at 484, 114 S. Ct. at 2371. The Supreme Court opined:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed (footnote omitted), in the absence of some other bar to the suit (footnote omitted).

<u>Id.</u> at 486-87, 114 S. Ct. at 2372-73.

This decision thus requires a plaintiff in a § 1983 action who is attempting "to

recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," to make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. at 486-87, 114 S. Ct. at 2372. If a plaintiff fails to make this showing, then no cause of action under § 1983 exists. Id. at 489, 114 S. Ct. 2373. If, in a § 1983 action, a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487, 114 S. Ct. at 2374.

In the present action, Plaintiff has not shown that his conviction or sentence has been reversed, expunged, declared invalid by an appropriate state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, any damages claims that would invalidate Plaintiff's convictions or sentences if the Court were to rule favorably upon them would be precluded by the Heck decision because Plaintiff has failed to establish that his convictions or sentences have been invalidated in a manner prescribed by Heck, supra. As a result, Plaintiff's damages claims should be dismissed as frivolous.

However, even if Plaintiff were to show that these claims are beyond the scope of Heck because they would not invalidate his conviction or sentence if the Court were to rule favorably upon them, these claims would nonetheless be barred by the two-year statute of limitations for § 1983 actions brought in Alabama. As noted previously, Plaintiff claims

5

that his constitutional rights were violated in January or February 1983, when he was escorted from his jail cell into a courtroom and arraigned for a crime for which he claims he was never arrested, nor ever received his Miranda rights. (Doc. 1 at Attachment 1). Plaintiff further claims that Defendants used illegal evidence to obtain a warrant for his arrest, and that he was denied the right to a preliminary hearing, including the right to counsel at that hearing. (Id.). The Court finds that while Plaintiff knew about his civil rights claim against Defendants in January or February 1983, when Plaintiff alleges the violation occurred, he waited until September 7, 2004, to file this § 1983 action. (Doc. 1).

The statute of limitations for a § 1983 action in Alabama is two years. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917, 113 S. Ct. 326, 121 L. Ed. 2d 246 (1992); Ala. Code § 6-2-38(l). The statute of limitations

> "'does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Calhoun v. Alabama Alcoholic Beverage Control Board, 705 F.2d 422, 425 (11th Cir. 1983) (quoting Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 930 (5th Cir. 1975)). Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. Calhoun, 705 F.2d at 424; Rubin, 621 F.2d at 116; Lavellee, 611 F.2d at 1131. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury. Lavellee, 611 F.2d at 1131 (quoting United States v. Kubrick, 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979)).

Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987).

In the present action, Plaintiff knew of the facts supporting his claim in January or February 1983, when the unconstitutional treatment allegedly occurred. Notwithstanding,

Plaintiff filed the present action on or about September 7, 2004, significantly more than two years from when his claim accrued against Defendants. Moreover, Plaintiff's pleadings do not show a reason why the two-year statute of limitations should not be applied to bar his claims. Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000) ("'Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)), cert. denied, 531 U.S. 971, 121 S. Ct. 410, 148 L. Ed. 2d 316 (2000); Justice v. United States, 6 F.3d 1474, 1479-80 (11th Cir. 1993) (citing Irwin v. Department of Veterans' Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 45-58, 112 L. Ed. 2d 435 (1990)) (equitable tolling is an extraordinary remedy which is to be used sparingly and does not extend to garden variety claims of excusable neglect). Therefore, any claims that are beyond the purview of Heck would be barred by the two-year statute of limitations and are subject to dismissal as frivolous.[4]

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. §

---

[4] Although somewhat unclear, Plaintiff states that he seeks "[t]o invoke further jurisdiction for the courts under section 2201 and 2202 declaratory judgment and injunctive relief." (Doc. 1 at Attachment 2). To the extent that Plaintiff has asserted claims for declaratory or injunctive relief challenging his convictions or sentences and seeking his release, such claims would not be recognized under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). These claims are only recognized in habeas corpus and must be brought in a habeas corpus action under 28 U.S.C. § 2254. Id. Therefore, any claims for injunctive and declaratory relief would be subject to being dismissed as frivolous. See Id. (affirming the dismissal of claims for injunctive and declaratory relief).

1915(e)(2)(B)(i).

The attached sheet contains important information regarding objections to the Report and Recommendation.  Should Plaintiff wish to make objections to this Report and Recommendation, this is Plaintiff's opportunity to show the Court why his claims are not barred by the decision in Heck v. Humphrey, supra, and/or are not barred by the two-year statute of limitations for §1983 claims.  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).

DONE this 27th day of April, 2005.

                s/WILLIAM E. CASSADY
                UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.